Dear Mr. Webb,
This office is in receipt of your opinion request to examine the legality of the simultaneous holding of the positions of the Vice President of University Affairs for Northwestern State University and the local elective office of Natchitoches City Councilman, in the instance that the person holding both of these positions would not be required to teach an academic class per school year.
LSA-R.S. 42:63 provides the prohibitions against the concurrent holding of certain offices and employment, specifically, LSA-R.S.42:63 (D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
LSA-R.S. 42:63 (D) prohibits the holding of local elective office (i.e. the position of Councilman) and employment in the government of the state (i.e. employment with the University).
However, the law provides for an exemption to the above prohibition in LSA-R.S. 42:66 (B), which states:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
In Attorney General Opinion 97-131, we addressed this same matter and concluded that the Vice President of University Affairs for Northwestern State University fell squarely in the category of someone employed in a "professional educational capacity" because his position required him to teach an academic class per school year. In the absence of a requirement to teach a class per school year, we look to certain factors in an individual's job description in order to determine whether the individual is employed in a "professional educational capacity". The job description that you have provided contains information pertinent to our conclusion and requires the Vice President of University Affairs to perform the following functions:
 1. Serve as a key administrator in the planning, operation, and management of the University.
 2. Oversight responsibility for the construction, maintenance, and upkeep of all university facilities and grounds.
 3. Participating in all official Northwestern State University functions.
4. Maintaining required office hours.
 5. Maintaining a collegial relationship with peer and colleagues throughout the University. As an administrator, this includes working with professors and department heads to arbitrate disputes and/or reach a consensus.
It has been the opinion of this office that factors which are indicative of an individual performing in a "professional educational capacity" include duties which affect the curriculum taught at the University, duties which require participation in the delivery of educational programs at the University, and duties which require the planning of long and short range educational goals for the students of the University. See Attorney General Opinions 94-393, 95-113. The common element shared by these factors is each is related to or directly affects the curriculum or educational programs offered by the University. The job description which you provided us does not reflect any involvement or impact on the curriculum of the University. The responsibilities of the position of Vice President for University Affairs, absent a requirement to teach a course per session, appear to be as an administrator of the University, rather than an educator or one who would affect curriculum policy.
Based upon these facts, it is the opinion of this office that the Vice-President of University Affairs would not be performing in a "professional educational capacity" absent a requirement that he teach a course per session, and as such, would not fall under the dual officeholding exemption of LSA-R.S. 42:66 (B).
Should you have any further questions concerning this matter, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams